Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br>v.<br><br>FOX PRINTING COMPANY, INC., a California Corporation, and GARY FOX, an individual,<br><br>Defendants. | CASE NO. 2:17-CV-01030<br><br>**COMPLAINT**<br><br>Collection of Withdrawal Liability pursuant to ERISA Section 4221(b)(1) (29 U.S.C. § 1401(b)(1)) |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, for causes of action against Defendants Fox Printing Company, Inc., and Gary Fox, allege as follows:

1

COMPLAINT

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan, which action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*

2. This Court has jurisdiction over this action under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the GCIU-Employer Retirement Fund ("Fund") is administered at its principal place of business in Los Angeles, California.

## PARTIES

4. Plaintiff Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of ERISA Section 402(a), 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of ERISA Sections 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). The Board of Trustees administers the Fund at 1200 Wilshire Blvd, 5th Floor, Los Angeles, CA 90017-1906.

6. Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability. The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

7. Defendant Fox Printing Company, Inc. ("Fox Printing") is a corporation organized under the laws of the State of California that is currently active.

8. At all times relevant to this action, Defendant Fox Printing has been an "employer" as the term is defined by ERISA Section 3(5), 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

9. Defendant Gary Fox ("Mr. Fox") is an individual who resides in the state of California.

10. At all times relevant to this action, Defendant Fox, owned the facility located at 9330 San Fernando Road, Sun Valley, California, from which Fox Printing was operating.

11. Plaintiffs are informed and believe, and thereon allege that Defendant Fox leased the facility to Fox Printing and based on this leasing activity Defendant is an "employer" as that term is defined by ERISA Section 3(5), 29 U.S.C. § 1002(5).

12. Plaintiffs are informed and believe, and thereon allege that at all times relevant to this action Defendant Fox directly or indirectly owned at least 80% of the stock of Fox Printing. As such, Defendant Mr. Fox is a member of Defendant Fox Printing's controlled group and is jointly and severally liable for Defendant Fox Printing's withdrawal liability pursuant to ERISA Section §4001(b)(1), 29 U.S.C. 1301(b)(1) and 26 C.F.R. §1.1563-1 as a brother-sister controlled group.

## CLAIM FOR RELIEF

(Default on Payment Obligation for Withdrawal Liability)

13. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. During all relevant times, Fox Printing was a signatory to a Collective Bargaining Agreement with the Graphic Communications Conference of the International Brotherhood of Teamsters, Local 572 under which it was required to

make contributions on behalf of its covered employees. A true and correct copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

15. Defendant Fox Printing's obligation to contribute to the Plaintiff Fund ceased in 2014 because Defendant withdrew from participation in the Plaintiff Fund.

16. As a result, Plaintiffs provided Fox Printing with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated March 22, 2016, pursuant to ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1). In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant Fox Printing was $3,527,749. The Notice and Demand included a detailed calculation of how the amount of the withdrawal liability assessment was calculated by the actuary. A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

17. The Notice and Demand also provided Fox Printing with a payment schedule for the withdrawal liability assessment in accordance with the requirements of ERISA Section 4219(c), 29 U.S.C. § 1399(c). A copy of the payment schedule is labeled as exhibit 1 of Exhibit 3 attached hereto.

18. Fox Printing failed to exercise its rights under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Plaintiffs.

19. On June 30, 2016, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Fox Printing in accordance with ERISA Section 4219(c)(5), 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

20. Defendant Fox Printing did not initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has

COMPLAINT

expired. Consequently, the amounts demanded by the Fund are due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

21. Defendant Fox Printing has failed to make the required withdrawal liability payment(s) to the Fund and thus is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

22. Under ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1), a member of a contributing employer's control group is jointly and severally liable for the assessed withdrawal liability.

23. Defendant Fox, as a member of Defendant Fox Printing's controlled group is jointly and severally liable for the withdrawal liability assessed against Fox Printing.

WHEREFORE, Plaintiffs request the following relief:

(i) the past due withdrawal liability payment of $3,527,749;

(ii) interest at the prevailing market rate pursuant to ERISA Section 4219(c)(6), 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from May 21, 2016 until paid;

(iii) Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iv) Such other legal and equitable relief as the Court deems appropriate.

Dated: February 8, 2017        /s/ Valentina S. Mindirgasova
Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs